**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blaisdell, ) | CV-08-582-PHX-JAT |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Corrections Corporation of America, et al., ) | |
| Defendants. ) | |

Plaintiff Richard Blaisdell has filed a Motion for Appointment of Counsel (Doc. #59). Mr. Blaisdell would like the Court to appoint an attorney to represent him at trial. He claims that he cannot afford an attorney; that his imprisonment has hampered his ability to litigate this case; that the issues in the case are complex and a lawyer would help him to apply the law properly at trial; that he is unfamiliar with the Rules of Evidence; and that a lawyer would help him in the presentation of evidence and cross-examination of witnesses.

While, undoubtedly, the appointment of counsel would aid Mr. Blaisdell in presenting his case at trial, the standard for appointment of counsel is not whether it would be helpful. There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986)*; Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

"A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in

light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The court must review both of these factors together in deciding whether or not to appoint counsel. *Id*.

This case does not present "exceptional circumstances" requiring the appointment of counsel. The Court has not, as Mr. Blaisdell asserts, indicated that he should win this case. The Court merely found for him on some issues at the summary judgment stage. Moreover, Mr. Blaisdell has shown his ability to successfully articulate his claims by surviving summary judgment, and his claims do not involve complex legal issues. The Court also notes this request comes only three weeks before his trial date, which would not give appointed counsel adequate time to prepare for trial.

Accordingly,

IT IS ORDERED DENYING Plaintiff's Motion for Appointment of Counsel (Doc. #59).

DATED this 2nd day of November, 2009.

_____
James A. Teilborg
United States District Judge