**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blaisdell, | CV-08-582-PHX-JAT |
| Plaintiff(s), | |
| v. | **ORDER** |
| Corrections Corporation of America, et al., | |
| Defendant(s). | |

Plaintiff Richard Blaisdell has filed several post-trial motions: 1) Motion for Injunctive Relief (Doc. #75); (2) Application to Proceed in Forma Pauperis on appeal (Doc. #85); (3) Motion for Issuance of a Writ of Execution (Doc. #89); and (4) Second Motion for Issuance of Writ of Execution to Enforce Settlement Agreement (Doc. #92). The Ninth Circuit Court of Appeals has granted Mr. Blaisdell's motion to proceed in forma pauperis. (Doc. #s91&94.) The Court will therefore deny his Application here as moot. The Court will deny the other three motions for the reasons outlined in this Order.

Plaintiff, a prisoner, filed his federal civil rights complaint to challenge the Saguaro Correctional Center's publications policy. He claimed that the policy banning inmates from receiving certain gift publications violated his First Amendment rights. Plaintiff represented himself throughout the litigation and at trial.

The Court held the Final Pretrial Conference on November 10, 2009 (Doc. #62). At the Conference, the parties informed the Court that Defendant was developing a new gift publications policy at the prison that should go into effect in December of 2009. On November 13, 2009, the parties filed a stipulation regarding the new publications policy discussed at the Final Pretrial Conference. The parties stipulated that they had reviewed and agreed that the "new" publications policy did not violate Plaintiff's First Amendment rights

and that it was "the understanding of both parties that this policy will be effective at Saguaro Correctional Center no later than January 1, 2010." (Doc. #63.)

The Court never entered an Order pursuant to that Stipulation or somehow incorporated the Stipulation into the final judgment, which was for Defendant. Nor did the Court retain jurisdiction over any purported settlements in the case.

The parties proceeded to trial on the issue of damages for Defendant Ben Griego's alleged violation of Plaintiff's civil rights on November 17, 2009. The gift publication policy at issue at trial went into effect on January 1, 2009. The jurors did not consider the "new" policy, which the parties believed would go into effect by January 1, 2010.

The jury returned a full defense verdict for Mr. Griego on November 18, 2009. The Court entered Judgment pursuant to the verdict for Defendant and against Plaintiff on November 25, 2009.[1] The Judgment provided: "**IT IS ORDERED AND ADJUDGED** that pursuant to the Jury Verdict of November 18, 2009, Judgment is entered in favor of Defendant Ben Griego and against Plaintiff Richard Blaisdell; and **IT IS FURTHER ORDERED** denying Plaintiff's motions for injunctive relief and for judgment as a matter of law notwithstanding the verdict." (Doc. #74.)

The Court denied Plaintiff's requests for permanent injunctive relief because the jury found that no constitutional violation had occurred. The Court therefore had nothing to enjoin.

Plaintiff's post-judgment Motion for Injunctive Relief, Motion for Writ of Execution to Enforce Settlement Agreement, and Second Motion for Writ of Execution to Enforce Settlement Agreement all relate to the parties' November 13, 2009 Stipulation regarding the "new" publications party. Plaintiff filed his Motions because, despite the parties' understanding that the new policy would go into effect no later than January 1, 2010, as of

---

[1]The Court actually signed the Judgment on November 24, 2009, but it was not docketed until November 25, 2009.

- 2 -

February 8, 2010, the prison had not instituted the new policy. Plaintiff now looks to this Court to force the prison to enact the publications policy agreed to by the parties in their Stipulation.

But the Court never ordered Defendant to enact a new publications policy, let alone by a certain date. The Stipulation was an agreement between the parties, with no involvement by the Court. The Court also reiterates that the jury returned a full defense verdict based on the policy effective as of January 1, 2009.

To the extent Plaintiff argues the parties reached a settlement regarding the enactment of the new publications policy, this Court has no power to enforce such a settlement post-verdict in this case because it did not explicitly retain jurisdiction over settlements. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 381-82 (1994). Because no Order or Judgment for Plaintiff regarding the "new" policy exists, the Court has nothing to enforce. The Court therefore must deny the motions.

Accordingly,

**IT IS ORDERED DENYING** Plaintiff's Motion for Injunctive Relief (Doc. #75); Motion for Issuance of a Writ of Execution (Doc. #89); and Second Motion for Issuance of Writ of Execution to Enforce Settlement Agreement (Doc. #92).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Application to Proceed in Forma Pauperis on appeal (Doc. #85) as moot because the Ninth Circuit Court of Appeals has already granted that request.

DATED this 19th day of March, 2010.

James A. Teilborg
United States District Judge